No. 2021-2187

**IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

RAMON E. ROANE,
Claimant-Appellant,

v.

DENIS R. MCDONOUGH, Secretary of Veterans Affairs,
Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-3293, Judge Amanda L. Meredith

# BRIEF OF RESPONDENT-APPELLEE

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

ELIZABETH M. HOSFORD
Assistant Director

KYLE S. BECKRICH
Trial Attorney
Commercial Litigation Branch
Department of Justice, Civil Division
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-9322

Attorneys for Respondent-Appellee

Of Counsel:

Y. KEN LEE
Deputy Chief Counsel

EVAN S. GRANT
Attorney
Department of Veterans Affairs
810 Vermont Ave., N.W.
Washington, D.C. 20420

March 10, 2022

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES .......... iii

STATEMENT OF THE ISSUES .......... 1

STATEMENT OF THE CASE .......... 2

I. Nature Of The Case .......... 2

II. Statement Of Facts And Course Of Proceedings .......... 2

A. Background .......... 2

B. The Board's Decision .......... 4

C. The Veterans Court's Decision .......... 7

SUMMARY OF THE ARGUMENT .......... 11

ARGUMENT .......... 12

I. Jurisdiction And Standard Of Review .......... 12

II. This Court Lacks Jurisdiction To Review Mr. Roane's Appeal Because He Challenges Factual Determinations And The Application Of Law To Facts .......... 14

A. This Court Lacks Jurisdiction To Entertain Mr. Roane's Challenge To The Veterans Court's Finding That The Board Provided Adequate Reasons Or Bases For Denying His TDIU Claim .......... 15

B. This Court Lacks Jurisdiction To Entertain Mr. Roane's Challenge To The Veterans Court's Finding That The Board Did Not Misapply The "Benefit Of The Doubt" Rule .......... 19

III. The Veterans Court Did Not Commit Legal Error In Affirming The Board's Decision ....................23

A. The Plain Language of 38 U.S.C. § 5107(b) And 38 C.F.R. § 3.102 Does Not Require The Factfinder To Expressly Identify Each Piece Of Evidence As Positive Or Negative....................24

B. Section 7261(b)(1) Does Not And Cannot Require The Veterans Court To Perform A De Novo REview Of The Secretary's Application Of The Benefit Of The Doubt..........27

CONCLUSION....................30

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Allday v. Brown*,
7 Vet. App. 517 (1995) .......... 10

*Belcher v. Shinseki*,
490 F. App'x 353 (Fed. Cir. 2012) .......... 23

*Berger v. Brown*,
10 Vet. App. 166 (1997) .......... 9, 10

*Bowling v. Principi*,
15 Vet. App. 1 (2001) .......... 8

*Cedar Lumber, Inc. v. United States*,
857 F.2d 765 (Fed. Cir. 1988) .......... 14, 23, 24

*Coker v. Nicholson*,
19 Vet. App. 439 (2006) .......... 10

*Coker v. Peake*,
310 F. App'x 371 (Fed. Cir. 2008) .......... 10

*Conway v. Principi*,
353 F.3d 1369 (Fed. Cir. 2004) .......... 13

*Cook v. Principi*,
353 F.3d 937 (Fed. Cir. 2003) .......... 15, 17, 18, 19

*Deloach v. Shinseki*,
704 F.3d 1370 (Fed. Cir. 2013) .......... 29, 30

*Ellington v. Peake*,
541 F.3d 1364 (Fed. Cir. 2008) .......... 13

*Ferguson v. Principi*,
273 F.3d 1072 (Fed. Cir. 2001) .......... 21, 22, 23

*Forshey v. Principi*,
284 F.3d 1335 (Fed. Cir. 2002) .......... 23

*Hatlestad v. Brown*,
5 Vet. App. 524 (1993) ........................................ 5

*Hilkert v. West*,
12 Vet. App. 145 (1999) ........................................ 9, 10

*Hinton v. Shinseki*,
554 F. App'x 938 (Fed. Cir. 2014) ........................................ 15, 21

*Hogan v. Peake*,
544 F.3d 1295 (Fed. Cir. 2008) ........................................ 13

*Kelly v. Nicholson*,
463 F.3d 1349 (Fed. Cir. 2006) ........................................ 13

*Kisor v. McDonough*,
995 F.3d 1347 (Fed. Cir. 2021) ........................................ 26

*Locklear v. Nicholson*,
20 Vet. App. 410 (2006) ........................................ 10

*Mariano v. Principi*,
17 Vet. App. 305 (2003) ........................................ 20

*Paralyzed Veterans of Am. v. Sec'y of Veterans Affairs*,
345 F.3d 1334 (Fed. Cir. 2003) ........................................ 27

*Rice v. Shinseki*,
22 Vet. App. 447 (2009) ........................................ 7

*Roberson v. Principi*,
17 Vet. App. 135 (2003) ........................................ 20

**Statutes**

38 U.S.C. § 1154 ........................................ 23

38 U.S.C. § 1155 ........................................ 3

38 U.S.C. § 5107 ........................................ passim

38 U.S.C. § 7104 ........................................ 15, 16, 18

38 U.S.C. § 7252 .......... 17

38 U.S.C. § 7261 .......... passim

38 U.S.C. § 7292 .......... passim

**Regulations**

38 C.F.R. § 3.102 .......... 14, 18, 24, 25

38 C.F.R. § 4.16 .......... 3, 5, 7

38 C.F.R. § 3.340 .......... 3

38 C.F.R. § 3.341 .......... 5

## STATEMENT OF RELATED CASES

Pursuant to Rule 47.5 of this Court's rules, counsel for respondent-appellee states that he is unaware of any other appeal in or from this action that was previously before this Court or any other appellate court under the same or similar title. Respondent-appellee's counsel also states that he is unaware of any case pending in this or any other court that may directly affect or be directly affected by this Court's decision in this case.

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

2021-2187

RAMON E. ROANE,
Claimant-Appellant,

v.

DENIS R. McDONOUGH,
Secretary of Veterans Affairs,
Respondent-Appellee.

**BRIEF FOR RESPONDENT-APPELLEE**

## STATEMENT OF THE ISSUES

1. Whether this Court possesses jurisdiction to review the fact-specific findings of the United States Court of Appeals for Veterans Claims (Veterans Court) regarding whether the Board of Veterans' Appeals (board) provided adequate reasons or bases for its decision or misapplied the "benefit of the doubt" rule.

2. Alternatively, whether the Veterans Court committed legal error in finding that the board (i) provided adequate reasons or bases for its decision, and (ii) did not misapply the benefit of the doubt.

# STATEMENT OF THE CASE

## I. Nature Of The Case

Claimant-appellant Ramon E. Roane appeals the Veterans Court's decision in *Ramon E. Roane v. Denis McDonough, Secretary of Veterans Affairs*, No. 20-3293 (Vet. App. Apr. 19, 2021), which affirmed the decision of the board denying total disability based on individual unemployability (TDIU). Appx2-8.[1] The Veterans Court found that the board provided adequate reasons or bases for its decision and did not misapply the benefit of the doubt. *Id.*

## II. Statement Of Facts And Course Of Proceedings Below

### A. Background

Mr. Roane served in the U.S. Navy from August 1981 to March 1991. Appx2. In December 2013, he underwent vocational rehabilitation counseling, at which time the counselor noted that his disabilities—paralysis of the sciatic nerve, degenerative arthritis of the spine, and limited flexion of the knee—significantly impaired his ability to prepare for, obtain, and/or retain employment. Appx2-3. In particular, the counselor noted that these disabilities rendered Mr. Roane unable to stand from a seated position regularly, stand or walk for a prolonged time, lift, bend, squat, stoop, or work overhead. Appx3.

---

[1] "Appx__" refers to pages in the joint appendix to be filed in this appeal.

Mr. Roane filed a formal application for TDIU[2] in August 2017, in which he alleged that he was unable to secure or follow a substantially gainful occupation due to his service-connected back condition and bilateral lower extremity radiculopathy. Appx3. At that time, he had a combined disability rating of 70 percent for four conditions: (1) lumbosacral spine degenerative disc disease (DDD) with lumbar strain, (2) chondromalacia of both knees, (3) bilateral lower extremity radiculopathy, and (4) residuals of a left knee scar. Appx3.

Between April 2016 and February 2019, Mr. Roane underwent several VA examinations to evaluate his bilateral knee disabilities, bilateral radiculopathy, and lumbar spine condition. Appx3. Reports from these examinations reflect that his disabilities impact his ability to perform certain occupational tasks due to several limitations, including an inability to sit or stand for extended periods and difficulty changing positions from sitting to standing. Appx3. Mr. Roane also submitted an affidavit in which he stated that when sitting, he must be able to move around and stretch his legs, and that he cannot keep his knees bent for more than 30 to 45 minutes without experiencing severe pain. Appx3.

[2] A TDIU rating may be assigned when VA determines that the veteran is unable to secure or follow a substantially gainful occupation due to service-connected disabilities. *See* 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16. If the veteran has only one such disability, it must be rated at 60 percent or more, and if the veteran has two or more disabilities, at least one must be rated at 40 percent or more, with sufficient additional disability to bring the combined rating to 70 percent. 38 C.F.R. § 4.16(a).

In November 2017, a peripheral nerves examiner opined that although Mr. Roane's bilateral lower extremity radiculopathy condition renders him unable to seek and maintain a substantially gainful physical type of employment, he should be able to seek and maintain a substantially gainful light physical or sedentary type of employment. Appx3. The same month, a VA regional office denied his claim for entitlement to TDIU. Appx3. Mr. Roane disagreed with that decision and opted to submit additional evidence to the board. Appx3.

B. The Board's Decision

In May 2019, Mr. Roane underwent a private vocational assessment and submitted the counselor's report to the board. Appx4. The private counselor noted that Mr. Roane's service-connected disabilities affect his ability to perform work functions of prolonged sitting, standing, and walking, which, the counselor opined, would affect his ability to perform any type of substantially gainful employment within the general labor market, including sedentary employment. Appx4. The counselor concluded that Mr. Roane had not been able to secure or follow substantially gainful employment since 2012. Appx4.

In an April 13, 2020 decision, the board denied entitlement to TDIU.[3] Appx4, Appx33-44. The board noted that "[i]n evaluating a veteran's

[3] The board also denied a rating in excess of 40 percent for DDD, which Mr. Roane did not appeal. Appx33.

employability, consideration may be given to the level of education, special training, and previous work experience, but not to age or impairment caused by non-service-connected disabilities." Appx41 (citing 38 C.F.R. §§ 3.341, 4.16, 4.19). It further noted that "[t]he central inquiry is 'whether the veteran's service-connected disabilities alone are of sufficient severity to produce unemployability.'" Appx41 (quoting *Hatlestad v. Brown*, 5 Vet. App. 524, 529 (1993)).

Addressing the facts of Mr. Roane's case, the board observed that "[t]he combined rating is 70 percent," and "[t]herefore, the schedular rating requirement for TDIU in 38 C.F.R. § 4.16(a) is met." Appx42. Thus, the board turned its analysis "to whether the service-connected disabilities render [him] unemployable." Appx42.

The board noted that "[a]lthough VA examiners have opined that [Mr. Roane's] . . . disabilities impact on his employability due to physical limitations, none has opined that the service-connected disabilities render him unemployable." Appx42. While the board acknowledged that "the symptoms and impairment associated with [his] service-connected disabilities would likely preclude work in an occupation that requires significant physical labor or extensive mobility," it concluded that they "are not shown to be such as to preclude all forms of substantially gainful employment." Appx42-43. Specifically, the board found that "it is not shown that due to his service-connected disabilities he would be

precluded from work that can be done sitting, with opportunity to stand as required, consistent with this college education." Appx43.

Moreover, the board took account of the May 2019 private vocational assessment—wherein the counselor opined that Mr. Roane has been unemployable in the general labor market since 2012—and found it "conclusory and lacking in probative value." Appx43. The board observed that, in the opinion, the provider mentioned how Mr. Roane "wrote a book that was published . . . , has a college degree . . . , and has engaged in a volunteer political and community advocacy campaign." Appx43. However, the board found that the opinion "does not explain why such education, skills, and experience would not allow for his participation in such types of employment as, for example, telephone sales or surveys, compiling data and reports, counseling, etc., despite his physical limitations, particularly as employers may make accommodations for the physical impairment (and may be required to do so under the Americans with Disabilities Act legislation)." Appx43.

Summarizing its findings, the board concluded that "the overall record does not support that due to his service-connected disabilities, [Mr. Roane] is rendered unable to obtain and maintain substantially gainful employment consistent with his education and experience." Appx43. It therefore held that "the preponderance of the evidence is against this claim." Appx44.

Mr. Roane appealed to the Veterans Court. Appx4.

C. The Veterans Court's Decision

Before the Veterans Court, Mr. Roane argued that the board provided an inadequate statement of reasons or bases because, he alleged, it failed to reconcile its conclusion that he is capable of sedentary employment with the medical evidence demonstrating that he is precluded from sitting due to his service-connected disabilities. Appx4. He further argued that the board did not reconcile the concept of sedentary work with his disability picture and that the board failed to support its conclusion that the preponderance of the evidence is against the claim. Appx4. In an April 19, 2021 memorandum decision, the court rejected each of his arguments and affirmed the decision of the board. Appx2-7.

The Veterans Court began its analysis by observing that "TDIU may be assigned to a veteran who meets certain disability percentage thresholds and is 'unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities.'" Appx4 (quoting 38 C.F.R. § 4.16(a) (2020)). The court further observed that "unlike the regular disability rating schedule, which is based on the average work-related impairment caused by a disability, 'entitlement to TDIU is based on an individual's particular circumstance[s].'" Appx4 (quoting *Rice v. Shinseki*, 22 Vet. App. 447, 452 (2009) (per curiam)). The court noted that "[w]hether a veteran is unable to secure or follow substantially gainful employment is a finding of fact that this [c]ourt reviews under the 'clearly

erroneous' standard." Appx5 (citing 38 U.S.C. § 7261(a)(4); *Bowling v. Principi*, 15 Vet. App. 1, 6 (2001)).

Turning to the decision on appeal, the Veterans Court observed that "the [b]oard summarized the evidence of record, including the 2013 and 2019 vocational assessments and the April 2016 through February 2019 VA examination reports and opinions, and concluded that the preponderance of the evidence is against entitlement to TDIU." Appx5. The court noted that "[t]he [b]oard acknowledged that [Mr. Roane's] service-connected disabilities impact his employability 'due to physical limitations' but concluded that those limitations 'are not shown to be such as to preclude all forms of substantially gainful employment' consistent with his education, intellectual skills, and experience." Appx5 (quoting board decision). Specifically, the court took note of the board's finding that, although Mr. Roane's disabilities "would likely preclude work in an occupation that requires significant physical labor or extensive mobility," he would not "be precluded from participating in work that can be done sitting, with opportunity to stand as required, consistent with his college education." Appx5 (quoting board decision) (internal quotation marks omitted). The court also noted the board's finding that "the 2019 private vocational opinion was conclusory and lacking probative value because the provider failed to explain why [Mr. Roane's]

education, skills, and experience would not allow for employment despite his physical limitations." Appx5.

After recounting the board's reasoning for its decision, the Veterans Court concluded that Mr. Roane "ha[d] not met his burden of demonstrating [b]oard error." Appx6 (citing *Hilkert v. West*, 12 Vet. App. 145, 151 (1999) (en banc), *aff'd per curiam*, 232 F.3d 908 (Fed. Cir. 2000) (table); *Berger v. Brown*, 10 Vet. App. 166, 169 (1997)). Addressing his argument that the board did not reconcile its conclusion that he would not be precluded from work that can be done sitting with the medical evidence showing that he is precluded from sitting, the court found that "the bases for the [b]oard's denial are not as limited as [Mr. Roane] suggests." Appx6. Specifically, the court emphasized the board's conclusion that, given his college education, he would not be precluded from "work that can be done sitting, *with opportunity to stand as required*." Appx6 (quoting board decision) (internal quotation marks omitted). The court noted that Mr. Roane "[did] not address the emphasized language in his opening brief, nor [did] he contend that the evidence is contrary to the [b]oard's finding that he would be able to perform work, consistent with his education and experience, that allows for altering between sitting and standing." Appx6.

The Veterans Court further found that Mr. Roane's other contentions—namely, "that the [b]oard failed to reconcile (1) the concept of sedentary work with

his disability picture, and (2) its finding that he is capable of substantially gainful sedentary employment with the plethora of medical evidence demonstrating that [he] is precluded from sitting" —were undeveloped. Appx6. "Indeed," the court held, "both contentions amount to a reframing of his initial argument, without additional analysis or factual support." Appx6 (citing *Coker v. Nicholson*, 19 Vet. App. 439, 442 (2006) (per curiam), *vacated on other grounds sub nom. Coker v. Peake*, 310 F. App'x 371 (Fed. Cir. 2008) (per curiam order); *Locklear v. Nicholson*, 20 Vet. App. 410, 416 (2006).

Lastly, the Veterans Court noted that it "[was] not persuaded that the [b]oard misapplied the benefit of the doubt or failed to support its conclusion that the preponderance of the evidence is against the claim." Appx6. The court reiterated that "the [b]oard in this case summarized the evidence of record, determined that [Mr. Roane], despite his physical limitations, is not precluded from all forms of substantially gainful employment consistent with his education, intellectual skills, and experience, and explained its reasons for discounting the 2019 vocational counselor's favorable opinion to the contrary." Appx6-7. In sum, the court found that Mr. Roane "ha[d] not demonstrated clear error or that the [b]oard's statement of reasons or bases is inadequate to facilitate judicial review." Appx7 (citing *Hilkert*, 12 Vet. App. at 151; *Berger*, 10 Vet. App. at 169; *Allday v. Brown*, 7 Vet. App. 517, 527 (1995)).

The Veterans Court entered judgment on May 28, 2021, Appx1, and Mr. Roane timely appealed to this Court. Notice of Appeal, ECF No. 1.

## SUMMARY OF THE ARGUMENT

This Court lacks jurisdiction to entertain Mr. Roane's appeal because it challenges only factual determinations or the application of law to facts. 38 U.S.C. § 7292(d)(2). Although he attempts to frame the issues as involving statutory interpretation, he continues to argue, as he did to the Veterans Court, that the board provided inadequate reasons or bases for denying his TDIU claim. He principally contends that under 38 U.S.C. § 5107(b), the board must expressly identify each piece of evidence as either positive or negative so that the reviewing court can determine whether the board was required to afford the benefit of the doubt to the claimant. However, there is no such requirement in the statute nor its corresponding regulation, and in the decision on appeal, the Veterans Court specifically found that the board's reasons and bases were adequate to facilitate judicial review.

Mr. Roane also contends that the Veterans Court failed to apply 38 U.S.C. § 7261(b)(1), which requires the court to take due account of the benefit-of-the-doubt rule in section 5107(b). But because the board was persuaded that the evidence was against his claim, and the Veterans Court found no clear error in that determination, the court rejected Mr. Roane's argument that the board misapplied

the benefit of the doubt. At bottom, it is clear that Mr. Roane simply disagrees with the board's determination that the evidence was not approximately balanced—a factual matter outside this Court's jurisdiction.

In the alternative, if the Court determines that it possesses jurisdiction, the Court should affirm the Veterans Court's decision. The Veterans Court committed no legal error in finding that the board (1) adequately supported its decision to deny Mr. Roane's TDIU claim, and (2) did not err in its application of the benefit-of-the-doubt rule. Mr. Roane fails to demonstrate otherwise.

## ARGUMENT

### I. Jurisdiction And Standard Of Review

Pursuant to 38 U.S.C. § 7292(a), this Court has jurisdiction to review a Veterans Court's decision with respect to the validity of a decision on a rule of law or to the validity or interpretation of any statute or regulation relied on by the Veterans Court in making that decision. This Court also has jurisdiction to "decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c).

When reviewing a Veterans Court decision, the Court must decide "all relevant questions of law, including interpreting constitutional and statutory provisions" and must set aside any regulation or interpretation thereof "other than a

determination as to a factual matter" relied upon by the Veterans Court that it finds to be: "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1). The Court reviews questions of statutory and regulatory interpretation *de novo*. *See Hogan v. Peake*, 544 F.3d 1295, 1297 (Fed. Cir. 2008).

Pursuant to section 7292(d)(2), unless addressing a constitutional issue, this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *See Ellington v. Peake*, 541 F.3d 1364, 1368-69 (Fed. Cir. 2008) (quoting 38 U.S.C. § 7292(d)(2)); *see also Kelly v. Nicholson*, 463 F.3d 1349, 1352 (Fed. Cir. 2006) ("[U]nless addressing a constitutional issue, we may not review factual determinations or the application of law to the facts."). This Court has consistently applied section 7292 to bar review of the Veterans Court's fact-based determinations. *See Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004) (noting that this Court reviews only questions of law and cannot review application of law to fact).

## II. This Court Lacks Jurisdiction To Review Mr. Roane's Appeal Because He Challenges Factual Determinations And The Application Of Law To Facts

Pursuant to 38 U.S.C. § 7292(d)(2), this Court lacks jurisdiction to entertain Mr. Roane's appeal because it consists of challenges to the Veterans Court's factual determinations or its application of law to particular facts. At the heart of this appeal is whether, under the applicable statutes and regulations, the board provided adequate reasons or bases for denying Mr. Roane's TDIU claim. The Veterans Court found that it did, and further found that the board did not misapply the "benefit of the doubt" rule in reaching its conclusion. These determinations are clearly outside the scope of this Court's review.

Mr. Roane's attempts to characterize his appeal as raising an issue within this Court's jurisdiction are not persuasive. Although he nominally claims that the Veterans Court relied on a misinterpretation of 38 U.S.C. § 5107(b) and 38 C.F.R. § 3.102 and failed to apply 38 U.S.C. § 7261(b)(1), a plain reading of the decision on appeal belies his arguments. To the extent this Court determines that Mr. Roane has raised a legal argument that somehow involves the interpretation of a statute or regulation, this Court should decline to review such new argument raised in the first instance. *See Cedar Lumber, Inc. v. United States*, 857 F.2d 765, 767 (Fed. Cir. 1988) (stating the general rule that arguments not presented to the

"initial adjudicatory forum" are deemed waived on appeal). Accordingly, the Court should dismiss this appeal for lack of jurisdiction. 38 U.S.C. § 7292(d).

### A. This Court Lacks Jurisdiction To Entertain Mr. Roane's Challenge To The Veterans Court's Finding That The Board Provided Adequate Reasons Or Bases For Denying His TDIU Claim

Properly framed, Mr. Roane's appeal challenges the Veterans Court's determination that the board provided adequate reasons or bases for denying his TDIU claim, a law-to-fact dispute outside the scope of this Court's jurisdiction.

As set forth in 38 U.S.C. § 7104(a), "[d]ecisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation." 38 U.S.C. § 7104(a). Subsection (d)(1) of that section requires the board's decisions to include "a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record." 38 U.S.C. § 7104(d)(1). However, it is well established that the Veterans Court's application of section 7104(d)(1) to the facts of a particular case is outside this Court's jurisdiction. *See, e.g.*, *Cook v. Principi*, 353 F.3d 937, 940 (Fed. Cir. 2003); *Hinton v. Shinseki*, 554 F. App'x 938, 941 (Fed. Cir. 2014) (non-precedential).

Given this precedent, Mr. Roane attempts to avoid framing his appeal as raising a reasons/bases challenge under section 7104, instead claiming that "the Veterans Court relied upon a misinterpretation of the plain language of § 5107(b) which is predicated on the need for identification of evidence as either positive or negative which was not done by the Board." App. Br. at 18. However, Mr. Roane's attempt is not persuasive given that the primary legal basis for his appeal to the Veterans Court was his contention that the board did not satisfy the statutory requirements of section 7104(d) in denying his claim for TDIU. Appx4-7. In particular, Mr. Roane argued that the board did not sufficiently reconcile its conclusion that he is capable of obtaining and maintaining gainful sedentary employment with his disability picture. Appx4. The Veterans Court rejected this argument, finding that the board appropriately considered the evidence and provided adequate reasons or bases for denying his claim. Appx5-7.

Although not labelled as such in his opening brief, in substance, Mr. Roane is repackaging the very same argument rejected by the Veterans Court below—that the board erred by providing insufficient rationale for denying his TDIU claim. *See* App. Br. at 16 (asserting that this Court must "address how Congress intended the Board to fully explain [its] determination, under 38 U.S.C. § 7104(d)(1)"), 18-19 (asserting that the board "provided arbitrary conclusions" and instead must "explain, with adequate reasons and bases, whether there is an approximate

balance of evidence"). Properly framed as a reasons/bases challenge under section 7104, this Court plainly lacks jurisdiction to entertain such an argument.

This Court's decision in *Cook v. Principi* is instructive and dispositive on this issue. In *Cook*, the Veterans Court held that the board satisfied the "reasons or bases" requirement of section 7104(d)(1). 353 F.3d at 938. On appeal to this Court, the appellant contended that the Veterans Court should have remanded the claim to the board for further consideration, framing the argument in terms of the Veterans Court committing legal error under its own jurisdictional statute, 38 U.S.C. § 7252.[4] *Id.* at 939. This Court dismissed the appeal for lack of jurisdiction, rejecting the appellant's attempt to reframe the issue. The Court found the appellant's argument "premised on the basis that the Veterans Court erred by not remanding his case over an alleged failure by the Board to satisfy its statutory requirements under § 7104(d)(1)." *Id.* Accordingly, because the argument challenged the Veterans Court's determination concerning the adequacy of the board's reasons/bases under section 7104, it was a challenge to the

[4] The statute provides, in relevant part, that the Veterans Court "shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals" and "shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate." 38 U.S.C. § 7252(a).

application of law to the facts of the case and outside this Court's limited jurisdiction.[5]

*Cook* precludes finding jurisdiction here with respect to a reasons/bases challenge. As in *Cook*, Mr. Roane raised a challenge to the board's reasons and bases under section 7104, and the Veterans Court rejected it. Appx4-7. And like the appellant in *Cook*, Mr. Roane is attempting to reframe the argument to fit within this Court's jurisdiction by alleging that the Veterans Court relied on a misinterpretation of law—in this case, section 5107(b) and 38 C.F.R. § 3.102. App. Br. at 6-19. But, in substance, the argument plainly remains a section 7104 challenge: whether the Veterans Court erred by not remanding the case based on an alleged failure of the board to provide sufficient reasons or bases for its denial of the TDIU claim. *See, e.g.*, App. Br. at 18 ("What the Board did and the Veterans Court affirmed was not based upon an assessment of the evidence of record as either positive or negative. Instead, the Board made an unsubstantiated conclusion that the preponderance of the evidence is against the claim.").

As in *Cook*, the review requested by Mr. Roane "would unavoidably require a review of the Veterans Court's application of law to the facts." 353 F.3d at 940-41. Because Mr. Roane's appeal continues to contest the adequacy of the board's

[5] In *Cook*, the Court also noted that the case did not involve statutory interpretation or an intervening change of law, 353 F.3d 940, two circumstances also not present here.

rationale for denying his TDIU claim, a law-to-fact argument already rejected by the Veterans Court, this Court should find the argument outside the scope of its limited jurisdiction. *Id.* at 941; 38 U.S.C. § 7292(d)(2).

### B. This Court Lacks Jurisdiction To Entertain Mr. Roane's Challenge To The Veterans Court's Finding That The Board Did Not Misapply The "Benefit Of The Doubt" Rule

Likewise, this Court lacks jurisdiction to entertain a challenge to the Veterans Court's finding that the board did not misapply the "benefit of the doubt" rule based on the facts of this case.

Under 38 U.S.C. § 7261(b)(1), when the Veterans Court reviews the record of proceedings before the Secretary and the board, it is required to "take due account of the Secretary's application of section 5107(b)." 38 U.S.C. § 7261(b)(1). By its plain terms, section 5107(b)—which provides that "the Secretary shall give the benefit of the doubt to the claimant"—applies only "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter." 38 U.S.C. § 5107(b); *see Lynch v. McDonough*, 21 F.4th 776, 781 (Fed. Cir. 2021) (en banc) (reaffirming that under section 5107(b) and established precedent, "the benefit-of-the-doubt rule does not apply when a factfinder is *persuaded* by the evidence to make a particular finding"). The board's determination under section 5107(b) of whether the evidence is approximately balanced is a factual one that the Veterans Court

reviews for clear error. *Mariano v. Principi*, 17 Vet. App. 305, 313 (2003); *Roberson v. Principi*, 17 Vet. App. 135, 146 (2003).

Here, the board was persuaded to deny Mr. Roane's claim—i.e., it found that the evidence was not approximately balanced.[6] Appx33-44. The Veterans Court found no clear error in that determination and expressly stated that it was "not persuaded that the Board misapplied the benefit of the doubt." Appx6. It is beyond dispute that this Court lacks jurisdiction to disturb those findings. 38 U.S.C. § 7292(d)(2).

Notably, in his opening brief, Mr. Roane concedes that the Veterans Court's "rejection of [his] averment of [benefit-of-the-doubt rule] error is likely immune from review by this Court as an application of law to fact." App. Br. at 19. Nevertheless, he again attempts to skirt this Court's jurisdictional limitations by characterizing his disagreement with that rejection as creating an issue of statutory interpretation regarding the requirement of 38 U.S.C. § 7261(b)(1). *Id.* He contends that "the provisions of 38 U.S.C. § 7261(b)(1) apply to **<u>all Veteran's</u>**

[6] Specifically, in denying Mr. Roane's TDIU claim, the board found that "the preponderance of the evidence is against this claim." Appx44. Although we note that in *Lynch*, which was decided after the board's decision in this case, this Court departed from the "preponderance of the evidence" language "to eliminate the potential for confusion going forward," the Court nevertheless held that where the board was persuaded to deny a claim, the evidence is "quite clearly against the veteran, not in approximate balance." 21 F.4th at 781. Therefore, any argument that the evidence in this case may have been approximately balanced is foreclosed by the board's denial of the claim.

**<u>[sic] Court proceedings</u>**," and that "this Court must find as a matter of law that the Veterans Court erred when it failed to take due account of the Secretary's application of § 5107(b)." App. Br. at 21-22 (emphasis in original). But, at bottom, this argument simply challenges the Veterans Court's finding that the board did not misapply the benefit of-the-doubt rule, a law-to-fact determination this Court lacks jurisdiction to review.

In *Ferguson v. Principi*, this Court addressed a virtually identical challenge with respect to the Veterans Court's consideration of the benefit-of-the-doubt rule. 273 F.3d 1072, 1076 (Fed. Cir. 2001). Indeed, the procedural history in *Ferguson* mirrors that of the present case: The board found that the evidence weighed against the appellant's claim, and the Veterans Court affirmed that decision, rejecting the appellant's contention that he was improperly denied the benefit of the doubt. *Id.* at 1074-75. The appellant in *Ferguson*, like Mr. Roane, argued that the Veterans Court "misinterpreted § 5107(b) because it affirmed the Board's holding that § 5107(b) did not apply," and that "the statute must be applied in the adjudication of every claim." *Id.* at 1076. This Court dismissed the appeal for lack of jurisdiction, finding the appellant's argument "illogical and meritless." *Id.* Specifically, the Court found that "the Board considered all the evidence, then determined that the requirement that there be 'an approximate balance of positive and negative

evidence' was not met, meaning § 5107(b) was not applicable." *Id.* Furthermore, it held that such a determination "involves no interpretation of the statute." *Id.*

Mr. Roane's benefit-of-the-doubt challenge is substantively indistinguishable from that rejected by this Court in *Ferguson*. Although he frames his argument in terms of interpreting section 7261(b)(1) rather than section 5107(b), the difference is immaterial given that section 7261(b)(1) simply requires the Veterans Court to "take due account of the Secretary's application of section 5107(b)." 38 U.S.C. § 7261(b)(1). Mr. Roane, in essence, argues that the Veterans Court misinterpreted section 7261(b)(1) because it affirmed the board's holding that section 5107(b) was inapposite. *See* App. Br. at 19-25. This plainly involves no interpretation of either statute. *Ferguson*, 273 F.3d at 1076 ("When, as here, a statute is unambiguous on its face, the parties did not argue for differing interpretations, and the [Veterans Court's] opinion is silent on adopting a particular statutory construction, the only logical conclusion is that the statute was not being interpreted, only applied.").

Moreover, by asserting that the Veterans Court erred in not taking due account of the benefit-of-the-doubt rule, Mr. Roane implies, contrary to the board's explicit findings, that the evidence of record was approximately balanced. *See, e.g.*, App. Br. at 25 (asking the Court to "instruct the Veterans Court to direct the Board how to properly determine whether Mr. Roane was entitled to the benefit of

the doubt"). This argument thus boils down to disagreement with the board's factual findings and its application of law to those facts, which is plainly outside this Court's jurisdiction. 38 U.S.C. § 7292(d)(2); *Ferguson*, 273 F.3d at 1075-76.

As set forth above, the Veterans Court affirmed the board's decision based on factual findings and the straightforward application of law to fact. Appx2-7. Accordingly, this Court lacks jurisdiction to entertain this appeal based on statutory interpretations never made by the Veterans Court. *See* 38 U.S.C. § 7292; *Forshey v. Principi*, 284 F.3d 1335, 1349 (Fed. Cir. 2002) (en banc); *Belcher v. Shinseki*, 490 F. App'x 353, 354-56 (Fed. Cir. 2012) (per curiam) (non-precedential) (rejecting the appellant's attempt to establish jurisdiction by arguing that the Veterans Court misinterpreted 38 U.S.C. § 1154(a) where the decision on appeal was "based on factual determinations and/or the application of a law or regulation to a particular set of facts").

## III. The Veterans Court Did Not Commit Legal Error In Affirming The Board's Decision

If this Court finds jurisdiction over Mr. Roane's challenge, which it should not, the Court should affirm the Veterans Court's decision. At the outset, to the extent that Mr. Roane raises a challenge to the statutory interpretations made by the Veterans Court, he never presented such statutory interpretation arguments to the Veterans Court and thus cannot raise them now. *Cedar Lumber*, 857 F.2d at 767; *Forshey*, 284 F.3d at 1358 (holding that this Court generally does not decide

issues not raised below in appeals of the Veterans Court's decisions). At the Veterans Court, Mr. Roane argued that the board misapplied the law to the facts of his case by failing to provide adequate reasons or bases for its decision. Appx21. He did not argue that the board was mandated by statute or regulation to expressly identify each piece of evidence as positive or negative, and thus he has waived that argument. *Cedar Lumber*, 857 F.2d at 767. Likewise, he did not argue that the Veterans Court must conduct a de novo of the board's application of the benefit of the doubt, *see* Appx28 (arguing that the board's determination was "arbitrary, capricious and an abuse of discretion), and thus waived that issue.

Even absent a waiver, the Court should affirm the Veterans Court because the Veterans Court properly applied relevant legal standards in assessing the board's denial of TDIU. The Veterans Court reviewed the board's decision and found that the board adequately supported its conclusion that the evidence was against the claim. Appx5-7. The court then found that, because the evidence was against the claim, the board had not misapplied the benefit-of-the-doubt rule. Appx5. Mr. Roane identifies no legal error in those determinations.

### A. The Plain Language Of 38 U.S.C. § 5107(b) And 38 C.F.R. § 3.102 Does Not Require The Factfinder To Expressly Identify Each Piece Of Evidence As Positive Or Negative

Mr. Roane contends that this Court must "interpret the plain language of § 5107(b) to require that VA adjudicators, to include the board, if they are not

going to afford a claimant the benefit of the doubt on 'any issue material to the determination of a matter,' must first identify what evidence of record is positive and what evidence of record it identifies as negative and why." App. Br. at 17. He further contends that "[w]ithout a legal requirement to identify the positive and negative evidence, and to explain why the Board found such evidence positive or negative, the Veterans Court is unable to review the Board's decision." App. Br. at 17-18. Notwithstanding that this is, at its core, a reasons/bases challenge, he is not persuasive.

Section 5107(b) of title 38, United States Code, provides: "When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant." 38 U.S.C. § 5107(b). Similarly, the regulation provides: "When, after careful consideration of all procurable and assembled data, a reasonable doubt[7] arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant." 38 C.F.R. § 3.102. Neither the plain language of section 5107(b) nor that of section 3.102 addresses whether or how VA must identify evidence when determining if it is approximately balanced for the purpose of applying the benefit of the doubt.

[7] The regulation defines "reasonable doubt" as "one which exists because of an approximate balance of positive and negative evidence which does not satisfactorily prove or disprove the claim." 38 C.F.R. § 3.102.

Despite this, Mr. Roane urges the Court to interpret the statute as requiring VA adjudicators to explicitly label each piece of evidence as either positive or negative and explain why. App. Br. at 13-19. But aside from his bare assertion that this specific requirement can somehow be gleaned from the "plain language" of the statute, he fails to cite any legal authority that supports his preferred interpretation. Moreover, the purpose such a requirement would serve is not apparent, as the categorization of evidence is intrinsic in a claim decision: If the evidence supports the claim, it is positive; if it is against the claim, it is negative. The plain language of section 5107(b) and its corresponding regulation—which provide only that the benefit of the doubt shall be given to the claimant when there is an approximate balance of evidence—cannot reasonably be read to require adjudicators to label each piece of evidence as Mr. Roane suggests. The addition of such a requirement would need to come through legislation from Congress or through the promulgation of a regulation by VA, not from any decision of this Court.

In arguing that VA adjudicators are legally required to label evidence, Mr. Roane engages in a lengthy discussion regarding statutory interpretation and the pro-veteran canon. App. Br. at 6-16. But it is well established that the pro-veteran canon has no role in the interpretation of statutes or regulations that are unambiguous. *See, e.g.*, *Kisor v. McDonough*, 995 F.3d 1347, 1361 (Fed. Cir.

2021) (Prost, Chief Judge, concurring in the denial of rehearing *en banc*) ("[W]e should consider the pro-veteran canon only if, after exhausting all applicable descriptive tools in search of the provision's best meaning, a range of plausible interpretations remains, none of them fairly described as the best."); *Paralyzed Veterans of Am. v. Sec'y of Veterans Affairs*, 345 F.3d 1334, 1340 (Fed. Cir. 2003) (noting that the pro-veteran canon "applies only to ambiguous statutes" and "cannot be invoked to override the clear meaning of a particular provision") (internal quotation marks and citation omitted). Here, the meaning of section 5107(b) is clear, and although Mr. Roane disagrees with how it was applied to the facts of his case, he fails to show that the law is genuinely ambiguous or that the Veterans Court somehow misinterpreted it in finding that the board provided adequate reasons or bases for denying his TDIU claim.

In the absence of any legal error in the Veterans Court's determination that the board provided adequate reasons or bases for its decision, this Court should affirm the decision on appeal.

### B. Section 7261(b)(1) Does Not And Cannot Require The Veterans Court To Perform A De Novo Review Of The Secretary's Application Of The Benefit Of The Doubt

Mr. Roane also contends that the Veterans Court erred by allegedly failing to apply section 7261(b)(1) to his case. App. Br. at 19-25. He argues that, pursuant to the statute, "to take due account of the Secretary's application of § 5107(b), the

Veterans Court review must be non[-]deferential to the Board's application or the Secretary's application in the first instance." App. Br. at 23. He further argues that this Court must "interpret" section 7261(b)(1) to require the Veterans Court to "determine whether the Board should, but did not afford the appellant the benefit of the doubt" and "[u]pon such a determination . . . reverse the Board's decision to the contrary." App. Br. at 25. His argument lacks merit.

Section 7261(b)(1) of title 38, United States Code, provides that the Veterans Court "shall review the record of proceedings before the Secretary and the Board of Veterans' Appeals pursuant to section 7252(b) of this title and shall . . . take due account of the Secretary's application of section 5107(b) of this title." 38 U.S.C. § 7261(b)(1). However, in authorizing such review, Congress expressly limited the Veterans Court's jurisdiction to exclude de novo fact-finding: "In no event shall findings of fact made by the Secretary or the Board of Veterans' Appeals be subject to trial de novo by the [Veterans] Court." *Id.* § 7261(c).

Mr. Roane's contention that the Veterans Court's review under section 7261(b)(1) should not be deferential runs headlong into section 7261(c) because it would require the court to find facts in the first instance. Specifically, it would require the Veterans Court to reweigh the evidence and then determine whether the benefit of the doubt should apply based on its own evidentiary findings. This is particularly apparent given Mr. Roane's suggestion that the Veterans Court should

reverse the board's decision in cases where it finds that the appellant was not afforded the benefit of the doubt. *See* App. Br. at 25.

This Court rejected a similar argument in *Deloach v. Shinseki*, where the appellants contended that "due to the interplay between the [Veterans Court's] ability to reverse and [the] veteran's entitlement to the benefit of the doubt, it has a duty to independently weigh the entirety of the evidence to determine whether the Board's factual findings are clearly erroneous." 704 F.3d 1370, 1380 (Fed. Cir. 2013). The Court disagreed, holding instead that the Veterans Court, "as part of its clear error review, must *review* the Board's weighing of the evidence; it may not weigh any evidence itself." *Id.* This precedent forecloses Mr. Roane's argument that, pursuant to section 7261(b)(1), the Veterans Court must provide "an additional and independent non[-]deferential review of the denial of VA benefits." App. Br. at 24. Rather, and as provided by statute, the Veterans Court reviews adverse factual determinations made by the board under a clear error standard. 38 U.S.C. § 7261(a)(4).

Moreover, this Court's decision in *Tadlock v. McDonough*, which reaffirmed that the Veterans Court cannot find facts in the first instance, further undermines Mr. Roane's position. 5 F.4th 1327 (Fed. Cir. 2021). In arguing for de novo review of the Secretary's application of the benefit-of-the-doubt rule, he asserts that he "interprets Congress's mandate under § 7261(b)(1) to require the Veterans

Court to do as it does when taking due account of the rule of prejudicial error." App. Br. at 22. But in *Tadlock*, this Court held that "[section] 7261(b)'s command that the Veterans Court 'give due account of the rule of prejudicial error' does not give it the right to make de novo findings of fact or otherwise resolve matters that are open to debate." 5 F.4th at 1337. Accordingly, even if this Court were to accept Mr. Roane's argument that the Veterans Court has the same duty under section 7261(b)(1) as it does under section 7261(b)(2), neither provision would allow the court to find facts in the first instance. *See id.*; *Deloach*, 704 F.3d at 1380.

Therefore, even if the Court determines that it possesses jurisdiction to review the Veterans Court's application of section 7261(b)(1), it should find that Mr. Roane fails to demonstrate reversible error.

## CONCLUSION

For these reasons, this Court should dismiss this appeal for lack of jurisdiction or, in the alternative, affirm the decision of the Veterans Court.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

/s/Elizabeth M. Hosford
ELIZABETH M. HOSFORD
Assistant Director

/s/Kyle S. Beckrich
KYLE S. BECKRICH
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-9332
Facsimile: (202) 353-0461

*Attorneys for Respondent-Appellee*

OF COUNSEL:
Y. KEN LEE
Deputy Chief Counsel

EVAN S. GRANT
Attorney
Department of Veterans Affairs
810 Vermont Ave., N.W.
Washington, D.C. 20420

March 10, 2022

**CERTIFICATE OF COMPLIANCE**

I certify that, pursuant to Fed. R. App. Procedure 32(a)(7)(B), this brief complies with the type-volume limitation. This brief was prepared using Microsoft Word Times New Roman 14-point font. In making this certification, I have relied upon the word count function of the Microsoft Word processing system used to prepare this brief. According to the word count, this brief contains 6,937 words.

/s/Kyle S. Beckrich