**2021-2187**

# REPLY BRIEF OF APPELLANT

---

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

**RAMON E. ROANE**

Claimant-Appellant

**v.**

**DENIS MCDONOUGH,**
SECRETARY OF VETERANS AFFAIRS

Respondent-Appellee

APPEAL FROM
THE UNITED STATES COURT OF APPEALF FOR VETERAN CLAIMS
IN 20-3293, Judge Amanda L. Meredith

**Kenneth H. Dojaquez, Esq.**
**Carpenter Chartered**
**P. O. Box 2099**
**Topeka, KS 66601**
**Email:Kenny@carpenterchartered.com**
**Attorney for Appellant**

# Table of Contents

Page

Table of Authorities ........................................ ii

Reply Arguments ........................................ 1

1. Mr. Roane does not challenge facts or the application of fact. He challenges the interpretation of law which this Court has jurisdiction to review ........................................ 1

Conclusion ........................................ 12

Certificate of Compliance ........................................ 14

## Table of Authorities

**CASES:** **Brief Page:**

*Cook v. Principi*, 353 F.3d 937 (Fed. Cir. 2003) ........ 7-8, 12
*Ferguson v. Principi*, 273 F.3d 1072 (Fed. Cir. 2001) ........ 7-12
*Forshey v. Principi*, 284 F.3d 1335, 1348 (Fed. Cir. 2002) ........ 11
*Lynch v. McDonough*, 21 F.4th 776, 781-782 (Fed. Cir. 2021) ........ 3, 5-6
*Morgan v. Principi*, 327 F.3d 1357, 1360-1361 (Fed. Cir. 2003) ........ 11
*Sullivan v. McDonald*, 815 F.3d 786, 789-790 (Fed. Cir. 2016) ........ 11

**STATUTES:**

38 U.S.C. § 5107(b) ........ *in passim*
38 U.S.C. § 7104(a) ........ 3
38 U.S.C. § 7104(d)(1) ........ 2, 8
38 U.S.C. § 7261(b) ........ 1, 10
38 U.S.C. § 7261(b)(1) ........ *in passim*
38 U.S.C. § 7292(a) (2001) ........ 10
38 U.S.C. § 7292(a) ........ 10-11
Veterans Benefit Act of 2002, Pub. L. 107-330, Dec. 6, 2002, 116 Stat. 2832 ... 9-11

## Appellant's Reply Argument

**Mr. Roane does not challenge facts or the application of fact. He challenges the interpretation of law which this Court has jurisdiction to review.**

The Government begins their brief by asserting the Court lacks jurisdiction over this appeal. Brief for the Appellee, at 12-23. But the Government misunderstands precisely the legal issue presented. First, Mr. Roane argues that the Veterans Court erred by relying upon a misinterpretation of 38 U.S.C. § 5107(b). Specifically, Mr. Roane argues that because § 5107(b) requires the Board to give the benefit of the doubt to a claimant when "there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter," the Board is required to actually tell the claimant which evidence it found positive and which evidence it found negative. Brief for the Appellant, at 15-19.

Mr. Roane also argued that because Congress amended 38 U.S.C. § 7261(b) to include a requirement that the Veterans Court "take due account of the Secretary's application of section 5107(b) of this title," the Board is likewise obligated to tell the Court which evidence it found positive and which evidence it

found negative. *Id*, at 19-25. Furthermore, Mr. Roane argued that since the Board must identify which evidence it found positive and which evidence it found negative, it must also provide adequate reasons and bases for these determinations. *Id*.

The Government counters by arguing Mr. Roane is unhappy with the Board's reasons and bases. Brief for the Appellee, at 16. ("Mr. Roane is repackaging the very same argument rejected by the Veterans Court below-that the board erred in providing insufficient rationale for denying his TDIU claim"). This is wrong. At no time did Mr. Roane ever argue that the reasons and bases provided by the Board were insufficient. What Mr. Roane did argue was that the Board erred by failing to tell Mr. Roane which evidence it found to be positive and which evidence it found to be negative. He specifically argued

> It is critical to the integrity of VA and Board decision making that this Court interpret the plain language of § 5107(b) to require that VA adjudicators, to include the Board, if they are not going to afford a claimant the benefit of the doubt on 'any issue material to the determination of a matter,' must first identify what evidence of record is positive and what evidence of record it identifies as negative and why.

Brief for the Appellant, at 17. The only reason Mr. Roane mentions 38 U.S.C. § 7104(d)(1), and reasons and bases, is to highlight that when identifying evidence as

either positive or negative evidence, the Board must do so with sufficient rationale to enable judicial review. *Id*, at 16.

The Veterans Court is required to "take due account of the Secretary's application of section 5017(b)." 38 U.S.C. § 7261(b)(1). Section 5107(b) requires the Board to give the benefit of doubt "[w]hen there is an approximate balance of positive and negative evidence." But when the Board determines that the benefit of the doubt does not apply, the Court must review that determination. And that is what this case is about – how is the Court to know if the Board properly found that the benefit of doubt does not apply?

To be sure, this Court made clear that "the benefit-of-the-doubt rule does not apply […] when the evidence persuasively favors one side or the other." *See Lynch v. McDonough*, 21 F.4th 776, 781-782 (Fed. Cir. 2021). But this does not mean § 5107(b) does not apply; rather, this just means that the Board will not rule in the claimant's favor (i.e. not apply the benefit of the doubt) when the evidence persuasively favors a denial. But make no mistake, § 5107(b) applies to all cases. 38 U.S.C. § 7104(a). ("Decisions of the Board shall be based on … [all] applicable provisions of law and regulation"). And because the benefit of the doubt is given to the claimant when the positive and negative evidence is in approximate balance, the Board must identify, and tell us, which evidence is positive and which evidence

is negative. By requiring a specific outcome when the positive and negative evidence is in approximate balance, Congress demands that the Board tell us whether the evidence is positive or negative **before** telling us if there is an approximate balance or not.

More importantly, in order to understand if "the evidence persuasively favors one side or the other" the Veterans Court must be able to determine which evidence the Board found to be positive and which evidence the Board found to be negative. Only when the Board identifies what evidence it considers to be positive and what evidence it considers to be negative are the provisions of § 5107(b) correctly interpreted and applied. Only in so doing, can the Board provide an adequate statement of reasons or bases for its determinations. Likewise this is the only means by which the Veterans Court can determine whether the positive and negative evidence was in an approximate balance, nearly equal or was clearly in favor of or against the veteran.

This is so because Congress directed the Veterans Court to "take due account of the Secretary's application of section 5107(b)." *See* § 7261(b)(1). It follows that the plain meaning of § 7261(b)(1), by requiring the Veterans Court to review the application of § 5107(b), also requires the Veterans Court to review which evidence the Board found positive or negative.

The Veterans Court erred by accepting the Board's conclusion that "the preponderance of the evidence is against this claim [for a TDIU rating]." Appx44. The Veterans Court failed to adhere to Congress' mandate that it "take due account of the Secretary's application of section 5101(b)." Had the Veterans Court done so, it would have recognized that in order to review "the Secretary's application of section 5017(b)," § 5107(b) requires that the Board identify the evidence as either positive or negative evidence. This is the only way the Veterans Court can be sure that the Board properly applied § 5107(b).

Simply put, before the Board can even apply § 5107(b), this Court must interpret § 5107(b) to explain how the Board is to make any determination that either the evidence is in "approximate balance," or "the evidence persuasively favors one side or the other." *See Lynch, supra*. To date, no Court has interpreted what Congress meant by positive and negative evidence, or whether this statute requires the Board to identify the evidence as either positive or negative. The Veterans Court ruled the Board properly applied § 5107(b) because "the Board in this case summarized the evidence of record, [and] determined that the appellant … is not precluded from all forms of substantially gainful employment …." Appx6-7. But § 5107(b) requires far more than for the Board to "summarize the evidence."

Without knowing which evidence the Board found to be positive, and which evidence the Board found to be negative, the Veterans Court is unable to "take due account of the Secretary's application of section 5107(b) …." However, by properly identifying the positive and negative evidence, Mr. Roane and the Veterans Court can be sure that § 5107(b) was or was not properly applied. *See* § 7261(b)(1). By identifying the evidence as either positive or negative evidence, Mr. Roane and the Veterans Court can know whether the Board's claim that "'the preponderance of the evidence is against this claim [for a TDIU rating]" is true or not.

On the other hand, without knowing which evidence is positive or negative, the Veterans Court cannot be certain whether there is an "approximate balance" nor if the "evidence persuasively favors one side or the other." *See Lynch*, at 782. At the risk of excessive repetition, § 5107(b) requires the Board to compare the positive and negative evidence. When the positive and negative evidence is in "approximate balance" the claimant receives the benefit of the doubt. When "the [positive or negative] evidence persuasively favors one side or the other," the benefit of doubt is not for application; but the issue is decided by whichever way the evidence persuades.

The Government argues that this appeal is controlled by two cases decided in this Court; *Cook v. Principi*, 353 F.3d 937 (Fed. Cir. 2003) and *Ferguson v. Principi*, 273 F.3d 1072 (Fed. Cir. 2001). The Government argues "[t]his Court's decision in *Cook v. Principi* is instructive and dispositive on this issue." Brief for the Appellee, at 17. The Government, incorrectly asserts "[a]s in *Cook*, the review required by Mr. Roane 'would unavoidably require a review of the Veterans Court's application of law to facts.'" *Id*, at 18; quoting *Cook*, at 940-941. But, as elaborated above, this is not what Mr. Roane asks of this Court.

Instead, Mr. Roane asks this Court to interpret § 5107(b) to require the Board, as part of its decision, to identify the positive and negative evidence so that the Veterans Court can perform its mandatory role to "take due account of the Secretary's application of section 5107(b)." *See* § 7261(b)(1). Mr. Roane argues that the Board's decision is not in accordance with the law because the Board failed to identify which evidence is positive and which evidence is negative. He further argued that before the Veterans Court can take due account of the Secretary's application of section 5107(b)," the Court must be able to review the Board's determinations as to which evidence is positive or negative. Brief for the Appellant, at 17; *see also id*, at 18-19 ("The test under § 5107(b) must be interpreted by this Court to require that the Board identify what evidence is

positive and why and what evidence is negative and why. Then, § 5107(b) requires the Board to explain, with adequate reasons and bases, whether there is an approximate balance of that evidence, or whether the evidence persuasively favors one side or the other").

*Cook* was a case about abuse of discretion, where the appellant argued "the Veterans Court erred by not remanding his case over an alleged failure of the Board to satisfy its statutory requirements under § 7104(d)(1)." *See Cook*, at 940. Mr. Roane does not ask this Court to find the Veterans Court erred by accepting the Board's reasons or bases. Rather, as explained above, this case concerns what the law requires when the Board applies § 5107(b). This is a legal determination over which this Court has jurisdiction because it asks this Court to interpret § 5107(b), and to determine what Congress intended when it ordered the Board to give the benefit of the doubt when "there is an approximate balance of positive and negative evidence."

The Government next argues *Ferguson* "addressed a virtually identical challenge with respect to the Veterans Court's consideration of the benefit-of-the-doubt rule." Brief for the Appellee, at 21. But here again the Government misses what the instant appeal is really about. In *Ferguson*, this Court stated "Mr. Ferguson is arguing that the Court of Appels of Veterans Claim misinterpreted §

5107(b) because it affirmed the Board's holding that § 5107(b) did not apply." *See Ferguson*, at 1076.

However, this Court pointed out "[t]he benefit-of-the-doubt provision [of § 5107(b)] only applies when there is 'an approximate balance of positive and negative evidence.'" *Id.* Ultimately, this Court held the Veterans Court did not interpret § 5107(b) it "only applied" this statute. *Id.* But this is not Mr. Roane's challenge. To reiterate, Mr. Roane argues that because § 5107(b) requires the Board to provide the benefit of doubt to the claimant when there is "an approximate balance of positive and negative evidence," this Court must interpret § 5107(b) to require the Board to identify the evidence as either positive or negative. Although nuanced, this is an important distinction.

Whereas Mr. Ferguson argued the Veterans Court erred by affirming the Board's determination that the benefit of the doubt does not apply; Mr. Roane argues that the Veterans Court's decision applied a misinterpretation of § 5107(b) because it affirmed the Board's decision that failed to identify what evidence is positive and what evidence is negative. This brings us to the next reason *Ferguson* is not dispositive, or even relevant.

*Ferguson* was issued prior to the enactment of the Veterans Benefit Act of 2002. *See* Veterans Benefit Act of 2002, Pub. L. 107-330, Dec. 6, 2002, 116 Stat.

2832. As noted in his opening brief, the Court's jurisdiction over this appeal flows in large part from this Act's amendment to § 7261(b), where Congress expanded the Veterans Court's scope of review to require it to "take due account of the Secretary's application of section 5107(b)." Brief for the Appellant, at 20-22. So then, this appeal asks this Court to determine what that "due account" looks like; to include whether, when reviewing the Board's application of § 5107(b), the Board is required to identify the evidence as either positive or negative evidence.

What is more, when *Ferguson* was decided, this Court's jurisdictional statute was limited to "a review of the decision with respect to the validity of any statute or regulation … or an interpretation thereof … that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a) (2001). But Congress also amended § 7292(a) to expand the scope of this Court's jurisdiction to "obtain a review of the decision with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation … or any interpretation thereof … that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). Congress added the phrase "a decision of the Court on a rule of law or of" in the first sentence after "the validity of." *See* Pub. L. 107-330, Sec. 402(a).

The version of § 7292(a) that applied in *Ferguson* was one of "issue jurisdiction." *See Forshey v. Principi*, 284 F.3d 1335, 1348 (Fed. Cir. 2002) (en banc) (superseded by statute by Pub. L. No. 107–330, § 402(a), 116 Stat. 2820, 2832 (2002)). But under the amended § 7292(a), this Court jurisdiction is now one of "case" jurisdiction. *Morgan v. Principi*, 327 F.3d 1357, 1360-1361 (Fed. Cir. 2003). This is important because, as this Court notes, this Court's "jurisdiction extends to review of any interpretation of a [statute] relied on by the Veterans Court in rendering its decision." *See Sullivan v. McDonald*, 815 F.3d 786, 789-790 (Fed. Cir. 2016).

Here, the Veterans Court relied upon an interpretation of § 5107(b) that does not require the Board to identify the evidence as either positive or negative evidence. The Veterans Court also relied upon an interpretation of § 7261(b)(1) that does not require the Board to identify the evidence as either positive or negative evidence before the Veterans Court can "take due account of the Secretary's application of section 5107(b)." Mr. Roane did not, and does not, challenge the Board's determination, or its reasons and bases. Mr. Roane challenges the Veterans Court's decision that relied upon a misinterpretation of §§ 5107(b) & 7261(b)(1).

Therefore, *Cook* and *Ferguson*, are distinguishable in a meaningful way. These two cases did not consider the same argument presented here; and these cases did not have the benefit of the amendments to both the Veterans Court's and this Court's jurisdictional statutes in the Veterans Benefits Act of 2002. As such, this Court has jurisdiction to interpret these statutes.

## Conclusion

For the reasons set forth above, Mr. Roane respectfully requests that this Court should reverse the decision of the Veterans Court based upon its misinterpretation of 38 U.S.C. § 5107(b) and instruct the Veterans Court to direct the Board how to properly determine whether Mr. Roane was entitled to the benefit of the doubt. Additionally, this Court should reverse the decision of the Veterans Court based upon its impermissible narrowing of its appellate review of the Board decision on appeal by failing to consider and apply the provisions of 38 U.S.C. § 7261(b)(1). This Court must order that the Veterans Court apply forthwith the provisions of § 7261(b)(1) in every proceeding before it.

Respectfully submitted,

/s/ Kenneth H. Dojaquez, Esq.

Kenneth H. Dojaquez, Esq.

Carpenter Chartered
P. O. Box 2099
Topeka, KS 6660
Email:Kenny@carpenterchartered.com
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the type-volume limitation under Rule 32(a)(7)(B). This brief has been prepared in a proportionally spaced typeface using Microsoft Word, 14 point font. The word processing system used to prepare this brief records 2,867 words in this brief.

Respectfully submitted,

/s/ Kenneth H. Dojaquez, Esq.

___________________________________

Kenneth H. Dojaquez, Esq.
Carpenter Chartered
P. O. Box 2099
Topeka, KS 6660
Email:Kenny@carpenterchartered.com
Telephone: (785) 357-5251