# United States Court of Appeals for the Federal Circuit

---

**RAMON E. ROANE,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-2187

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-3293, Judge Amanda L. Meredith.

---

Decided: April 4, 2023

---

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

SOSUN BAE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by KYLE SHANE BECKRICH, BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, KELLY A. KRYSTYNIAK, PATRICIA M. MCCARTHY; EVAN SCOTT GRANT, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, DYK, and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Ramon Roane appeals the final decision of the United States Court of Appeals for Veterans Claims which held that he was not entitled to a rating of total disability based on individual unemployability because his service-connected disabilities did not preclude all forms of substantially gainful employment. Because we conclude that the Veterans Court properly interpreted the benefit of the doubt rule under 38 U.S.C. § 5107 and applied the appropriate standard of review to the Board's application of the benefit of the doubt rule under § 7261(b)(1), we affirm.

I

Mr. Roane served in the U.S. Navy from August 1981 to March 1991. In December 2013, he underwent vocational rehabilitation for his disabilities, including paralysis of the sciatic nerve, degenerative arthritis of the spine, and limited flexion of the knee. In August 2017, he filed a formal application for total disability based on individual unemployability (TDIU) where he alleged that he was unable to secure or follow a substantially gainful occupation due to his service-connected disabilities.[1] At the time, he had a combined disability rating of 70 percent.

Between 2016 and 2019, Mr. Roane was examined several times by the Department of Veterans Affairs. Those examinations showed that his disabilities interfered with

---

[1] A TDIU rating is assigned to a veteran who meets disability percentage thresholds and is unable to secure or follow a substantially gainful occupation due to service-connected disabilities. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 4.16.

his ability to perform occupational tasks due to his inability to sit or stand for extended periods and difficulty changing positions from sitting to standing. But in November 2017, a peripheral nerve examiner opined that despite these limitations, he should be able to "seek and maintain a substantially gainful light physical or sedentary type of employment." J.A. 3. The same month, a VA regional office denied his TDIU claim.

Mr. Roane disagreed with the decision of the regional office and opted to submit additional evidence to the Board. In May 2019, he obtained a private vocational assessment where the expert opined that his difficulties with prolonged sitting, standing, and walking "affect his ability to perform any type of substantially gainful employment, even sedentary employment." J.A. 4.

In April 2020, the Board issued its decision denying a TDIU rating. The Board found that Mr. Roane's service-connected disabilities met the rating requirement of 70 percent for TDIU under 38 C.F.R. § 4.16(a), but that they "are not shown to be such as to preclude all forms of substantially gainful employment." J.A. 42–43. The Board noted that Mr. Roane, with his college education, skills, and experience, is not precluded from work "that can be done sitting, with opportunity to stand as required." J.A. 43. In making its determination, the Board considered both the VA examination reports, which did not suggest a finding of TDIU, and the private examination report, which opined that Mr. Roane was unemployable. The Board found the latter report to be "conclusory and lacking persuasive probative value." J.A. 43.

The Veterans Court affirmed. The Veterans Court found no error in the Board's consideration of the evidence or in its application of the benefit of the doubt rule. In particular, the Veterans Court noted that "the Board . . . summarized the evidence of record, determined that [Mr. Roane], despite his physical limitations, is not

precluded from all forms of substantially gainful employment consistent with his education, intellectual skills, and experience, and explained its reasons for discounting the 2019 vocational counselor's favorable opinion to the contrary." J.A. 6–7.

Mr. Roane appeals.

II

We review de novo the Veterans Court's interpretation of law. *Bazalo v. West*, 150 F.3d 1380, 1382 (Fed. Cir. 1998). Unless an appeal from the Veterans Court decision presents a constitutional issue, this Court may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C § 7292(d)(2)(A)–(B).

Because Mr. Roane argues that the Veterans Court wrongly interpreted 38 U.S.C. §§ 5107 and § 7261(b)(1), we have jurisdiction to review these narrow issues.

A

Mr. Roane first argues that the Veterans Court misinterpreted 38 U.S.C. § 5107 and 38 C.F.R. § 3.102, which relate to how the Board determines whether the benefit of the doubt rule applies. He argues that § 5107(b) and § 3.102 require the Board to: "1) identify which evidence is positive or negative; 2) explain why with adequate reasons and bases; and 3) explain why the benefit of the doubt was not afforded" because, according to him, without such safeguards, the Veterans Court "is unable to determine whether evidence was either persuasively positive or negative." Appellant's Br. 16–17. Mr. Roane alleges that the Board legally erred by just summarizing the record as a whole, rather than identifying each evidence as positive or negative.

Mr. Roane's argument finds no support in the plain language of either the cited statute or regulation. The

statute provides that "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant." 38 U.S.C. § 5107(b). Similarly, the regulation provides that "[w]hen, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant." 38 C.F.R. § 3.102. Although these provisions require the Secretary to carefully consider all evidence and determine whether there's an approximate balance of positive and negative evidence, they do not specify in what manner that review must be performed and certainly not to the degree of specificity requested by Mr. Roane.

We recently addressed the same issue in *Mattox v. McDonough*, 56 F.4th 1369 (Fed. Cir. 2023). There, the veteran also argued that the Board was required to specifically identify and list each piece of positive and negative evidence. *Id.* at 1376–77. Although we agreed that the Board was required to identify and consider the relevant evidence, we specifically rejected the argument that it was required to "give a precise and comprehensive listing of positive and negative evidence." *Id.* at 1377–78. Rather, we held that it is sufficient for the Board to identify key evidence and assign probative weight in its benefit of the doubt analysis. *Id.* And we observed that the Board had fulfilled its duty by noting the competing reports of the VA examiners, which were clearly negative, and Mr. Mattox's doctor, which was clearly positive. *Id.*

Similarly, the Board here fulfilled its duty by identifying positive and negative evidence and assigning probative weight in its benefit of the doubt analysis. In particular, the Board considered the competing evidence of the VA examiners' medical reports, which were negative evidence, and Mr. Roane's private vocational assessment, which was positive evidence. The Board thus properly interpreted the

law. And the Veterans Court did not legally err by declining to impose the heightened requirements suggested by Mr. Roane.

B

Mr. Roane next argues that the Veterans Court incorrectly interpreted the standard of review it should apply to the Board's application of the benefit of the doubt rule under § 7261(b)(1).

Section 7261 provides in relevant part that:

> (a) In any action brought under this chapter, the Court of Appeals for Veterans Claims . . . shall—
>
> . . .
>
> > (4) in the case of a finding of material fact adverse to the claimant . . . hold unlawful and set aside or reverse such finding *if the finding is clearly erroneous.*
>
> (b) In making the determinations under subsection (a), the Court shall review the record of proceedings before the Secretary and the Board of Veterans' Appeals pursuant to section 7252(b) of this title and shall—
>
> > (1) take due account of the Secretary's application of section 5107(b) of this title; and
> >
> > (2) take due account of the rule of prejudicial error.
>
> (c) *In no event* shall findings of fact made by the Secretary or the Board of Veterans' Appeals be *subject to trial de novo* by the Court.

38 U.S.C. § 7261(a)–(c) (emphases added).

Mr. Roane argues that the "take due account" language in § 7261(b) requires the Veterans Court to conduct an

"additional and independent non[-]deferential review" of the Board's application of the benefit of the doubt rule, because a deferential review that is constrained by the standard of review in § 7261(a) would be "meaningless." Appellant's Br. 23–24. But Mr. Roane's argument is not supported by the text or structure of 38 U.S.C. § 7261, and we decline to adopt this far-reaching interpretation of the phrase "take due account."

We begin with the text of the statute and "give effect to that clear language without rendering any portion of it meaningless." *Sharp v. United States*, 580 F.3d 1234, 1237 (Fed. Cir. 2009). Although only § 7261(b)(1) is at issue in this appeal, the "take due account" language on which Mr. Roane relies must be read in context of the rest of the statute, including subsections (a) and (c). *King v. Burwell*, 576 U.S. 473, 486 (2015) ("Our duty [in statutory construction] is to construe statutes, not isolated provisions." (internal quotation marks omitted)).

Section 7261(a) sets the scope and the relevant standards of review the Veterans Court must apply. *Bowling v. McDonough*, 38 F.4th 1051, 1057 (Fed. Cir. 2022); *Euzebio v. McDonough*, 989 F.3d 1305, 1318 (Fed. Cir. 2021). Relevant here, § 7261(a)(4) provides that the Veterans Court can set aside or reverse a finding of material fact **only** if "the finding is clearly erroneous." Since the Veterans Court's review under § 7261(b) is tied to § 7261(a), the Veterans Court can review facts **only** under the clearly erroneous standard when considering the Board's benefit of the doubt determination. And if subsection (a) were not enough to conclude that the Veterans Court could not make de novo factual findings, § 7261(c) makes clear that "[i]n no event" can the Veterans Court conduct a de novo review of material facts. By including subsection (c), Congress expressly limited the Veterans Court's jurisdiction to exclude de novo fact-finding. Therefore, when considering subsection (b)(1) alongside its neighboring subsections, not only is the type of non-deferential review Mr. Roane asked for not

authorized in subsection (a), but it is also expressly prohibited in subsection (c). Indeed, we have repeatedly held that the Veterans Court can only "*review* the Board's weighing of the evidence; it may not weigh any evidence itself." *E.g.*, *Deloach v. Shinseki*, 704 F.3d 1370, 1380 (Fed. Cir. 2013). Based on the text of § 7261 and our precedent, the Veterans Court cannot conduct its own independent and non-deferential review of the facts to take due account of the Board's application of the benefit of the doubt rule.

This understanding of the phrase "take due account" is also consistent with our interpretation of the phrase "take due account" in the parallel provision, § 7261(b)(2), which directs the Veterans Court to "take due account of the rule of prejudicial error." We generally give identical words and phrases within the same statute the same meaning, especially when they appear within the same statutory sentence. *FCC v. AT&T Inc.*, 562 U.S. 397, 408 (2011). Although we have not directly addressed the meaning of "take due account" in the context of § 7261(b)(1), we have addressed the meaning of that phrase in § 7261(b)(2). *Tadlock v. McDonough,* 5 F.4th 1327, 1332–36 (Fed. Cir. 2021). In *Tadlock*, the Veterans Court affirmed a Board's decision even though the Board had made a clearly erroneous factual finding because the court found the error to be non-prejudicial. In reaching this conclusion, the Veterans Court made new factual determinations that had not been considered by the Board. *Id.* at 1332. We vacated the Veterans Court's decision after observing that § 7261(c) explicitly prohibits the Veterans Court, an appellate tribunal, from engaging in de novo fact finding. *Id.* at 1334 (citation omitted). We further concluded that "§ 7261(b)'s command that the Veterans Court 'give due account of the rule of prejudicial error' does not give it the right to make de novo findings of fact or otherwise resolve matters that are open to debate." *Id.* at 1337. Similarly, the phrase "take due account" in § 7261(b)(1) cannot provide the Veterans Court the authority to deviate from the standards of review

articulated in § 7261(a), or to directly contradict Congress's explicit instruction that the Veterans Court refrain from de novo fact-finding, as required under subsection (c).

By asking for an "additional and independent non[-]deferential review" of the Board's application of the benefit of the doubt rule, Appellant's Br. 24, Mr. Roane essentially asks us to allow the Veterans Court to reweigh evidence de novo. But this understanding would impermissibly expand the scope of the Veterans Court's review beyond what is specified in § 7261(a) and would directly violate § 7261(c). We will not expand the interpretation of § 7261(b) so broadly. The Veterans Court did not misinterpret the statutory requirements of § 7261 by reviewing the Board's factual determinations for clear error while taking due account of the Board's application of the benefit of the doubt rule.[2]

## III

Because we conclude that the Veterans Court properly interpreted the benefit of the doubt rule under 38 U.S.C. § 5107 and applied the appropriate standard of review to the Board's application of the benefit of the doubt rule under § 7261(b)(1), we affirm.

**AFFIRMED**

COSTS

No costs.

---

[2] To the extent that Mr. Roane argues that the Veterans Court erred in its factual determination that the Board provided adequate bases for denying his TDIU claim, that is an application of law to fact that we cannot review. 38 U.S.C. § 7292(d)(2).